Daniel, J.
 

 This is an action of covenant on the deed mentioned in the case. It is very clear, that, in many cases, a liability may arise against the executor or administrator, after the death of the testator or intestate, upon a contract made in his lifetime, although the executor or administrator be not named therein ; for the executors or administrators of every person are implied in himself, and they are liable upon any contract of the deceased, although they are not named, when the contract is not personal to the testator or intestate; thus they are liable upon a bond or note payable subsequently to the death of the testator or intestate. Willms. on Ex. 1060. Toller, 463. The objection raised by the defendant, that it is a remainder in a personal chattel, after a life estate reserved to the donor, and therefore void according to the rules of the common'law: it may be answered, that it is not any specific chattel, as a particular horse or a flock of sheep, &c. it is an obligation, a chose in action, to pay $500 in money, or in the currency of the country; it has no ear-marks, and therefore it is not within the rule supposed.
 
 Secondly,
 
 it is said, that debt and not covenant is the proper remedy, if it is to be con
 
 *216
 
 sidered as a contract for money. The answer we give is, that dbt and covenant are concurrent remedies for the recovery of any money demand, when there is an express or implied contract in any instrument under seal to pay it; but in general, debt is the preferable remedy, as in that form of action the judgment is final in the first instance, if the defendant do not plead; see 2 Stephens N. P. 1057. The judgment must be affirmed.
 

 Per Curiam* Judgment affirmed.